Marlene Quinn v. Commissioner.
Quinn v. Commissioner
Docket No. 4269-70.
United States Tax Court
T.C. Memo 1972-112; 1972 Tax Ct. Memo LEXIS 147; 31 T.C.M. (CCH) 453; T.C.M. (RIA) 72112; May 11, 1972, Filed *147 Marlene Quinn, pro se, 1138 Basse Road, San Antonio, Tex.Leslie A. Plattner, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $6,976.22 in petitioner's income tax for 1967 on the ground that she is liable for the tax on one-half of the income earned by her husband prior to their divorce. Some of the facts have been stipulated. The stipulation and exhibits attached thereto are incorporated herein by this reference. Petitioner herein resided in San Antonio, Texas, at the time the petition herein was filed. She filed her individual income tax return for the taxable year 1967 with the district director of internal revenue at Austin, Texas, on August 15, 1968. Petitioner and Fred T. Quinn were married in December 1964 and, during the period of their marriage, resided in the State of Texas, a community property state. During the period of marriage, all of the income attributable to petitioner and her husband was earned by him. On April 14, 1967, petitioner became separated from her husband, and a final decree of divorce was entered on July 14, 1967. During the period from January 1, 1967 to *148 July 14, 1967, petitioner's husband earned taxable income in the amount of $36,771.90, over which petitioner never had any control or dominion. In his notice of deficiency, respondent determined that petitioner was taxable on one-half of this income. We sympathize fully with petitioner, but we are unfortunately unable to ameliorate the plight in which she finds hereself. The Supreme Court of the United States has declared that, under the circumstances described herein, she must include one-half of her husband's earnings in her income, notwithstanding the fact that she at no time had any dominion or control over such income. , reversing (C.A. 5, 1970), which, in turn, reversed . See also . Decision will be entered for the respondent.